# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA WILHELMS, et al., | ) | CASE NO. 5:12CV1667 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| EDDIE BAUER, LLC, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court are three related motions filed by the plaintiffs: motion to remand (Doc. No. 10); motion to compel disclosure of residential addresses of defendants' employees (Doc. No. 38); and motion for leave to amend the complaint to substitute the real names of the fictitious defendants (Doc. No. 43). Defendants Eddie Bauer LLC and Everest Topco LLC (collectively, "Eddie Bauer" or "defendants") have filed their opposition to the motions (Doc. Nos. 28, 39 and 46, respectively), and plaintiffs have filed replies (Doc. Nos. 37, 45, and 47, respectively). For the reasons discussed below, all three motions are **DENIED**.

## BACKGROUND

On June 27, 2012, Eddie Bauer removed this action sounding in tort from the Portage County Court of Common Pleas on the basis of diversity.[1] At the time, the four Jane/John Doe defendants had not yet been identified.

---

[1] This case arises out of an incident at the Eddie Bauer store at Aurora Farms Factory Oulet. On January 9, 2012, plaintiffs, husband and wife Richard and Patricia Wilhelms, visited the Eddie Bauer store. Mrs. Wilhelms was in a wheelchair pushed by Mr. Wilhelms. Once they were in the store, they allege that they turned past a clothing rack which was obstructing their view of a stairway. Mr. Wilhelms pushed the wheelchair containing Mrs. Wilhelms

Plaintiffs filed their motion to remand (Doc. No. 10) asserting, without any reference to record evidence, that the Jane/John Doe defendants (all of whom are identified in the complaint as "store clerks" who "were working in the course, scope and in furtherance of their agency and/or employment with" Eddie Bauer) "are residents of Portage, County, Ohio and/or some other county of Ohio," (Doc. No. 10 at 58), thus defeating diversity jurisdiction. Defendants, in opposition, argue that diversity is judged against the complaint at the time of the filing of the notice of removal and, further, that under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded." Finally, they assert that the Jane/John Doe defendants are sham defendants whose citizenship cannot defeat jurisdiction and that, in any event, the fictitious defendants do not belong in the case because the complaint does not allege that they contributed to the injury or were in any way responsible for the location of the stairway in the store. In reply, plaintiffs assert that they have sufficiently alleged that these store clerks contributed to plaintiffs' injuries by creating an obstruction of the stairway through their placement of the clothing rack, by failing to pay close attention to obviously disabled and elderly persons entering the store, and by failing to warn plaintiffs of the dangerous stairway.

In their reply brief, plaintiffs also note that their attempts to discover the addresses of Eddie Bauer's employees (in order to both ascertain their citizenship and to serve them) have been rebuffed by Eddie Bauer, necessitating the filing by plaintiffs of their motion to compel (Doc. No. 38) wherein they seek an order requiring Eddie Bauer to supply the home addresses of their employees, whose identities Eddie Bauer has now made known (by names only) in its initial disclosures. Eddie Bauer opposes disclosure of their employees' addresses, arguing again

---

down the stairs, resulting in serious and, arguably, continuing injuries. Their complaint against the defendants sounds in tort.

that the employees are nominal, unnecessary parties, having nothing to do with the allegations of the complaint. Eddie Bauer also asserts that residential addresses are not needed for service even if the employees were proper parties.

In their reply, plaintiffs again assert that the employees (whose identities, but not their addresses, are now known) are being sued because they are liable for creating a hazard and for failing to warn plaintiffs of that hazard. Plaintiffs insist that the employees are not nominal, unnecessary parties. They note that they have now filed a motion for leave to amend the complaint (Doc. No. 43) to substitute the real names of Bradley Buchert, Becky Bartsokas, and Lynda Campana for the Jane/John Does in the original complaint.

## DISCUSSION

**A.     Motion to Remand (Doc. No. 10)**

Plaintiffs argue that this case was improvidently removed and that the Court has no subject matter jurisdiction because, on the face of the complaint, complete diversity is lacking. Although the complaint names four fictitious defendants alleged to be store clerks, plaintiffs assert that they are also alleged to be "residents of Portage County, Ohio and/or some other county of Ohio[.]" (Doc. No. 3, at 12, ¶ 4.) Plaintiffs, therefore, view the fictitious defendants as "citizens of Ohio."

As properly pointed out by defendants, 28 U.S.C. § 1441(b)(1) expressly states that, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." Removal statutes are strictly construed with all doubts resolved against removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). Here, the statute could not be clearer. Even so, plaintiffs argue that the citizenship of "unserved defendants" cannot be disregarded in determining the propriety of removal.

In support of their argument, plaintiffs point to *Ethington v. GE Elec. Co.*, 575 F. Supp. 2d 855, 861 (N.D. Ohio 2008). However, *Ethington* is inapposite because it was dealing with a situation involving the so-called "forum defendant rule" where, under 28 U.S.C. 1441(b)(2), even where there is complete diversity, a case cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."[2] In *Ethington*, a citizen of Utah brought an action in a New Jersey state court against corporate defendants who were citizens of New York, Connecticut, Delaware and New Jersey.[3] The court granted a motion to remand because, although there was complete diversity, the presence of a "forum defendant" rendered the case unremovable even though the forum defendant had not yet been served at the time of removal.[4]

The instant case involves two named defendants, whose citizenship is known to be diverse from that of plaintiffs, and four fictitious defendants, whose identities, and thus their citizenships, were unknown to plaintiffs both at the time the complaint was filed and at the time of removal. Under the explicit terms of § 1441(b)(1), the citizenship of these fictitious defendants is disregarded when determining the propriety of the removal. *See, e.g., George v. Home Depot USA, Inc.*, No. 00-0006, 2000 WL 275804, at * 4 (E.D. La. Mar. 10, 2000)

---

[2] In a typical case, a non-forum plaintiff sues a defendant in the defendant's own state. Under § 1441(b)(2), although there is complete diversity, the case cannot be removed because the concerns that underpin diversity jurisdiction are not present. *See Lively v. Wild Oaks Mkts., Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006) (observing that "the purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant," but that "the need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought.") (quoted by *Ethington*, 575 F. Supp. 2d at 858). In the instant case, plaintiffs are Ohio citizens who brought suit in Ohio against corporations with citizenship in Delaware and Washington, as well as against four fictitious defendants with unknown citizenship.

[3] There were no fictitious defendants in *Ethington*.

[4] Similarly, the case relied upon by the court in *Ethington* also involved application of the forum defendant rule. *See DeAngelo-Shuayto v. Organon USA Inc.*, No. 07-2923, 2007 WL 4365311, at * 2 (D.N.J. Dec. 12, 2007) ("the forum defendant rule precludes removal based on diversity where a defendant is a citizen of the forum state, meaning the state in which the plaintiff originally filed the case.").

("*George I*") ("At the time of removal, the only non-fictitious parties to this litigation included the plaintiffs, who are Louisiana citizens, and Home Depot, who is not a Louisiana citizen. These are the only two parties that are relevant to this motion [to remand] in order to determine diversity.").[5]

This action was properly removed and plaintiffs' motion to remand is not well-taken. Therefore, Doc. No. 10 is **DENIED**.

**B.**     **Motion to Compel (Doc. No. 38) and Motion for Leave to Amend Complaint (Doc. No. 43)**

In Doc. No. 38, plaintiffs seek an order compelling defendants to produce the residential addresses of Bradley Buchert, Becky Bartsokas, and Lynda Campana, whose identities as the relevant store clerks have now been disclosed by defendants. In Doc. No. 43, plaintiffs seek leave to amend the complaint to substitute these three persons for the fictitious defendants named in the original complaint.

Defendants resist both motions, arguing these three persons are not alleged in the complaint to have acted other than "in the course, scope and furtherance of their agency and/or employment with [d]efendants, Eddie Bauer LLC . . . and Everest Topco LLC in the management and operation of the Eddie Bauer outlet store . . ." on the day of the events at issue. (Compl. ¶ 4.) In defendants' view, the three store clerks are nothing more than nominal parties sought to be added to destroy diversity. This fact is buttressed, they argue, by the way plaintiffs

---

[5] Although the court in *George I* denied a motion to remand, when the fictitious party defendants were later identified and added to the case by way of an unopposed motion to amend the complaint, the court then granted a renewed motion to remand pursuant to 28 U.S.C. § 1447(e), finding that the fictitious defendants, whose presence destroyed diversity, were not indispensable to the action. *See George v. Home Depot USA, Inc.*, No. 00-0006, 2001 WL 766967, at * 4-5 (E.D. La. July 6, 2001) ("*George II*").

drafted the complaint, without making any claims solely against the store clerks and by alleging all claims generally against "[d]efendants aforementioned . . . ." (*Id.*, ¶¶ 5, 6, 7, 8, 9.)

Plaintiffs argue in reply that, when they entered the outlet store, none of the employees greeted them or warned them of the hidden dangers. Plaintiffs assert that the employees were responsible for creating the visual obstruction of the dangerous internal stairwell by situating clothing display racks in a manner that obstructed their view of the stairwell and, having created the hazard, in failing to warn plaintiffs of the stairwell's presence.

Having carefully examined the complaint, which plaintiffs seek to amend *only* by substituting names for the fictitious defendants,[6] not by changing the allegations in any way, the Court concludes that, notwithstanding the general allegations of negligence against "[d]efendants aforementioned[,]" paragraph 4 of the complaint makes clear that the store clerks are sued solely in their capacity as employees of the corporate defendants, not as individuals. Liability, if any, will be the respondeat superior liability of the employees' employer.[7]

Accordingly, plaintiffs' motion to compel[8] (Doc. No. 38) is **DENIED**. Further, plaintiffs' motion for leave to amend (Doc. No. 43) is **DENIED**.

---

[6] Although defendants have refused to supply the residential contact information for their three employees, they concede that the employees are Ohio residents by strongly and consistently arguing that their inclusion in an amended complaint would destroy diversity.

[7] Once it is determined that removal was proper, as here, the Court is not required to permit an amendment of the complaint to add dispensable parties who will destroy diversity. 28 U.S.C. § 1447(e); *see also*, *George II*, *supra*, 2001 WL 766967, at * 4 (if a defendant is dispensable, "the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court.") Plaintiffs' reliance on this Court's ruling in *Theiss v. Burger King Restaurant*, No. 5:11CV0787 (N.D. Ohio filed June 7, 2011) is misplaced. There, the Court merely noted that "should plaintiff *succeed* in amending the complaint by identifying the now fictitious defendants, if any of them are citizens of Ohio, this Court would then be required to remand." *Id.*, slip op. at 48 (emphasis added). The same is true here, if the Court were to grant leave to amend to add non-diverse defendants, it would be required to remand. However, the Court is not required to grant leave to amend.

[8] The Court notes that, notwithstanding denial of plaintiffs' motion to compel, for purposes of Fed. R. Civ. P. 26(a)(1)(A)(i), defendants *are* required to disclose, if known, the addresses and telephone numbers of these three individuals who are "likely to have discoverable information[.]" However, that disclosure would not aid plaintiffs,

**CONCLUSION**

For the reasons discussed above, Doc. Nos. 10, 38 and 43 are all **DENIED**.


**IT IS SO ORDERED**.


Dated: November 20, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

even if it were to reveal that one or all of the store clerks are residents of Ohio, because the complaint still fails to allege individual liability against them.

As for plaintiffs' reliance on *Miklos v. Golman-Hayden Co., Inc.*, No. Civ.A. 2:99-CV-1279, 2000 WL 1617969 (S.D. Ohio Oct. 24, 2000) for the proposition that this Court should compel disclosure of the employees' names and addresses, that reliance is misplaced. *Miklos* involved a Fair Labor Standards collective action where names and addresses of potential "opt-in" plaintiffs were needed to give notice of the lawsuit and to provide an opportunity to opt in.